IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN WILLIAM SIMMS, #140766          *
           Plaintiff,
  vs.                                   *   CIVIL ACTION NO. DKC-04-3002

SGT. KENNETH L. FISHER, et al.       *
           Defendants.
                                ***

## MEMORANDUM

I.    Background

On September 16, 2004, this court received for filing a 42 U.S.C. § 1983 prisoner civil rights complaint for damages from John William Simms, who remains confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland. On November 28, 2005, the court granted in part and denied in part Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. The Court concluded that Plaintiff had failed to meet his burden of showing Eighth and Fourteenth Amendment violations with regard to an infraction, loss of job, and administrative remedy investigation in 2001. Paper Nos. 20 & 21. The Court observed, however, that Defendants had failed to respond to Plaintiff's claims that: (i) after his complaint had been heard at the Inmate Grievance Office ("IGO") level, personnel retaliated against him by removing him from his dietary job in April of 2002; (ii) removal from that job made him indigent and denied him access to the courts, because he no longer had the funds to purchase writing paper, carbon paper, stamps, envelopes, and ink pens that he would need to file petitions in court;[1] and (iii) Defendant Paula Kramer, the Associate Director of the IGO, denied Plaintiff a hearing with regard to his

---

[1] Plaintiff complains that Defendant Roach conspired with Defendants Fisher and Mealie to illegally remove him from his job on the tier in April of 2002. Paper No. 5.

removal from his feed-up job in 2002. Defendants were ordered to file a supplemental response to these allegations.

II.     Dispositive Filings

On January 27, 2006, Defendants filed a Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Paper No. 24. Plaintiff has filed an Opposition response thereto. Paper No. 26. The Supplemental Motion may be determined on the pleadings without oral hearing. See Local Rule 105.6. (D. Md. 2004). For reasons to follow, Defendants' Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is hereby granted.

III.    Standard of Review

A. Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B. Motion for Summary Judgment

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element...necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

3

In *Celotex,* the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D. N.C. 1966)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

IV.   Analysis

The following supplemental facts are presented by Defendants with regard to Plaintiff's removal from his dietary job in 2002. Defendants claim that after his 2001 dismissal from a dietary job[2] in the kitchen, Plaintiff was permitted to keep a dietary job and work feed-up on C Tier. Paper No. 24, Ex. 1. On March 1, 2002, however, Lt. Michael wrote a memo indicating that the Food Service Department was having a problem with food service tier workers selling food and beverage

---

[2]   On September 23, 2001, Sgt. Fisher wrote a report indicating that Plaintiff was stealing food during his employment as a food service worker in the kitchen. Paper No. 17, Ex. 1. Sgt. Fisher and Lt. Lancaster decided that instead of disciplining Plaintiff, they would remove him from the kitchen to work a feed-up detail on C-Tier. *Id.*, Ex. 2.

items. *Id.*, Ex. 2. Lt. Michael indicated that the Food Service Department was receiving notes from inmates specifically complaining that Plaintiff and another inmate were selling food on the tier. *Id.*

On April 19, 2002, Dietary Manager Michelle Mealie made a recommendation to case management that Plaintiff be removed from food service in Housing Unit 4 due to ongoing and repeated problems. *Id.*, Ex. 3. On April 22, 2002, Plaintiff was removed from his food service job by WCI case management personnel. *Id.*, Ex. 4. Defendants Mealie and Fisher affirm that the dismissal from the food service job was due to Plaintiff's poor job performance and was not done in retaliation for his filing of grievances. Paper No. 24, Exs. 5 & 6, Mealie & Fisher Decls.

Defendants claim that Plaintiff filed an administrative remedy grievance regarding the job removal on April 23, 2002. *Id.*, Ex. 7. The grievance was dismissed pursuant to Division of Correction Directive 185-205, which prohibits the filing of remedies with regard to case management recommendations. *Id.* Plaintiff filed a letter with the IGO with regard to this grievance decision. *Id.*, Ex. 8. On July 22, 2002, Defendant Kramer sent a letter to Plaintiff indicating that the dismissal of his remedy at the institution level was appropriate because case management decisions are not subject to the administrative remedy process. *Id.*

Defendants allege that after removal from the food service job, Plaintiff remained on the protective custody job bank. *Id.*, Ex. 9. The record indicates that in July of 2002, his job status was left "unassigned," but he was placed back on the protective custody job bank on February 3, 2003. *Id.* On September 23, 2003, Plaintiff was reassigned to the protective custody food service job bank. *Id.* On November 12, 2003, however, he was reclassified to the protective custody job bank. *Id.*, Exs. 10 & 11. Plaintiff was placed on protective custody sanitation work detail on March 15, 2004. *Id.*, Ex. 9.

5

Defendants seek dismissal of the Complaint. They argue that Plaintiff has failed to show that: (i) the filing of grievances involved the exercise of a constitutional right; (ii) he was removed from his job for retaliatory purposes; and (iii) he was harmed due to his removal from his food service job.

In his opposition response, Plaintiff claims that he was not selling beverages or food on the tier. Paper No. 26. He asserts that Defendants have lied and have manufactured reasons to cover up their retaliatory actions and justify his job removal. *Id*. Plaintiff maintains that one of the Defendants' primary exhibits, a March, 2002 internal memo regarding missing food on the protective custody tier, is a fake and that Defendants have failed to provide affidavits from protective custody tier officers which support this memo. Paper No. 26.

Plaintiff also reiterates his claim of retaliation, asserting that he was removed from his dietary job on April 19, 2002, two days after his grievance hearing before the IGO regarding Sgt. Fisher's harassment. *Id*. He claims that only his housing unit officer, not Correctional Dietary Manager Mealie, had the authority to remove him from the food services job. *Id*.

Retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983. *See American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 784-86 (4th Cir. 1993). The inmate alleging retaliation "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating fact in the prison officials' decision...." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*,

713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, under the law in this circuit, Plaintiff was not exercising a constitutionally protected right when he filed his administrative remedy and proceeded before the IGO on his harassment claims against Defendant Fisher. He has thus failed to set out a constitutional claim of retaliation.[3]

Also, Plaintiff's removal from the kitchen detail job does not implicate a due process liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court sought to focus attention on the nature of the deprivation, stating that a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U. S. at 484. Following the reasoning of the Supreme Court in *Sandin*, it appears that no liberty interest is implicated in a decision relating to prison job assignments.[4] *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313 (2d Cir. 1996) (per curiam); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Plaintiff's removal from his dietary job and re-assignment to another work detail did not constitute a dramatic departure from, or an atypical event in, the ordinary day-to-day incidents of prison life.

---

[3] In any event, Plaintiff has failed to rebut Defendants' personal declarations and materials to prove that his removal from his food service job occurred in retaliation for the filing of grievances. The verified evidence indicates that he was removed from his job for work-related reasons.

[4] Prior to *Sandin*, this Circuit found that inmates did not have a constitutionally protected right to an institutional job or to remain in a particular job once assigned. *See Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978); *Bowring v. Godwin*, 551 F.2d 44, 48 n. 2 (4th Cir. 1977); *see also Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992).

It cannot be said to have imposed a significant hardship on Plaintiff. Therefore, Plaintiff's due process claim regarding his removal from the food services job is without merit.

Insofar as Plaintiff takes issue with Ms. Kramer's administrative dismissal of Plaintiff's letter to the IGO, his claim must fail. As already indicated by the court, Plaintiff has no constitutional right to the establishment of an administrative remedy or other grievance process.[5] *See Adams*, 40 F.3d at 75.

Finally, while Plaintiff seemingly claims that his removal from his food service job in April of 2002, denied him access to the courts, the materials do not support his Fourteenth Amendment access-to-courts claim. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that *Bounds v. Smith*, *supra*, stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

---

[5] Even if there were a constitutional right implicated by alleged errors or defects in the administrative remedy process, the court finds that Defendant Kramer's actions were not impermissible or erroneous. Upon review of Plaintiff's letter challenging the dismissal of his grievance at the institutional level, Kramer correctly applied the relevant directives and concluded that the prior dismissal of Plaintiff's grievance was not incorrect in that job removals are case management decisions and are not subject to the remedy process.

There is no dispute that from April of 2002, to March of 2004, Plaintiff was removed from and placed on various job details. Likewise, these is no disagreement that Division of Correction prisoners who qualify as indigent, are provided postage and writing materials. While he argues that his prison job earnings were reduced, Plaintiff offers absolutely no information by affidavit, declaration, or exhibit to show that he was otherwise unable to litigate his cases due to insufficient funds. Plaintiff has failed to establish an access-to-courts deprivation.

V. Conclusion

For the aforementioned reasons, Defendants' Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment shall be granted. A separate Order follows.


Date:   2/28/06                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge